**DEREK SMITH LAW GROUP, PLLC**
Sexual Harassment and Discrimination Lawyers

New York | Los Angeles | Philadelphia | Miami | New Jersey

August 2, 2023

<u>VIA ECF</u>
Hon. John P. Cronan
Daniel Patrick Moynihan
United State Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   Letter Motion to Proceed Anonymously
       *John Doe v. Jennifer Lynn Gross, a.k.a. Jennifer Stengaard Gross*
       Case No. 1:23-cv-06325-JPC

Dear Judge Cronan,

This firm represents Plaintiff "*John Doe*" ("Plaintiff") in the present action filed against the Defendant, Jennifer Lynn Gross, a.k.a. Jennifer Stengaard Gross ("Defendant"). On July 26, 2023, this Court ordered Plaintiff to file a letter motion providing factual and legal support for why Plaintiff should be permitted to proceed anonymously throughout the course of this litigation [Dkt. 4].

Plaintiff John Doe met the Defendant in early 2011. Over the course of the proceeding year, Defendant subjected Plaintiff Doe to relentless humiliating acts of sexual assault and battery, inappropriate touching, required Plaintiff to provide his semen against his will for her effort to impregnate herself, and was ultimately threatened and isolated from his loved ones and career.

Plaintiff respectfully requests that this Court allow him to proceed anonymous for the duration of this litigation in order to ensure that Defendant Gross cannot follow through on the specific and boisterous threats she has made throughout the course of their "relationship" to ruin his familial relationships, reputation and ensure that he can never work again.

Many courts have found that victims of sexual assault are entitled to proceed anonymously and such a decision is within the court's sound discretion. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Many federal courts have permitted a party to proceed under a pseudonym when special circumstances warrant anonymity. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006), citing *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 685–87 (11th Cir.2001); *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000); *James v. Jacobson,* 6 F.3d 233, 238–39 (4th Cir.1993); *EW v. New York Blood Center,* 213 F.R.D. 108, 110–12 (E.D.N.Y.2003); *Javier v. Garcia–Botello,* 211 F.R.D. 194, 196 (W.D.N.Y.2002); *Doe v. Smith,* 105 F.Supp.2d 40, 43–44 (E.D.N.Y.1999); *Doe v. United Servs. Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y.1988). In fact, even the Seventh Circuit, "which disfavors the use of fictitious names, has recognized that sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) citing *Doe v. Blue*

*Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir.1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses"); *see also Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir.2004). Therefore, as stated in *Doe v. Del Rio,* 241 F.R.D. 154, 160 (S.D.N.Y. 2006), "[d]iscretion must be exercised on a case-by-case basis, depending on the particular circumstances before the court."

The case of *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188-191 (2d Cir. N.Y. 2008) reiterated the fact that "Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)." *Id.* The Court went on to "now set forth the standard governing the use of pseudonyms in civil litigation in our Circuit." *Id.* The Court went on to state that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.*

The factors set forth by the Court included the following outlined below, accompanied by an explanation as to how Plaintiff's situation in the instant case applies to these factors:

(a) **Whether the litigation involves matters that are "highly sensitive and [of a] personal nature.** The matters in the instant action involve instances of physical, emotional, and sexual abuse, as well as blackmail and threats to physical safety. These matters are highly sensitive and of a personal nature by any standard.

(b) **Whether identification poses a risk of retaliatory physical or mental harm to the […] party [seeking to proceed anonymously] or even more critically, to innocent non-parties.** Plaintiff is a victim of such extensive sexual assault and harassment that for all of his business connections and acquaintances to know the claims made herein would only serve to further victimize him, the victim in this case. Plaintiff would be associated with the shame and scrutiny that many men endure after having been victims of sexual assault. Defendant Gross made it clear in no uncertain terms that her father is "dangerous" and "violent" with those he perceives as enemies to his daughter. Given these threats and Defendant's unlimited financial means, Plaintiff is reasonably terrified that his physical wellbeing would be at risk should his identity be disclosed. Where it is determined that disclosure of the plaintiff's identity would create a risk of harm from third parties, disclosure is disfavored. *Doe v. Solera Capital,* No. 18-cv-1769 (ER), 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019).

(c) **Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity**. Plaintiff, as a victim of extensive sexual assault and harassment, should be entitled to privacy and revealing his true identity would only add to his emotional distress, for which he is bringing these claims.

(d) **Whether the plaintiff is particularly vulnerable to the possible harms of disclosure.** Plaintiff should be entitled to privacy, because he is suffering from diagnosed PTSD, severe anxiety, and emotional distress as a result of Defendant's

sexual assault and sexual harassment. Plaintiff has been and continues to recieev routine treatment with a medical professional (psychiatrist) to address his emotional distress caused by Defendant's sexual assault and sexual harassment. As a result, he is currently prescribed a range of medications including Lexapro, Ativan, Xanax, and Ambien. Revealing his identity would cause a significant setback in his progress and enhance his depression, anxiety and fears.

**(e) Whether the suit is challenging the actions of the government or that of private parties.** The suit is challenging the actions of a private party.

**(f) Whether the defendant is prejudiced by allowing the plaintiff to bring his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.** Defendant will not suffer any prejudice from Plaintiff proceeding anonymously. Defendant may defend this action equally as well as if Plaintiff proceeded under his legal name. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (holding that since defendants already knew plaintiff's identify, "[o]ther than the need to make redactions and take measures to not disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely plaintiff's anonymity in court papers").

**(g) Whether the plaintiff's identity has thus far been kept confidential.** Plaintiff's identity remains confidential to the general public to this point. Other than for the purpose of engaging with counsel, seeking medical and psychological treatment, Plaintiff has not publicly disclosed the underlying facts of this case nor his identity. All documents filed by Plaintiff's counsel have been redacted prior to their filing on ECF.

**(h) Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.** In general, the public has a right to know the identities of parties to a lawsuit, but it is respectfully submitted that this is one of those times when an exception should be made due to Plaintiff's mental health risks as well as to protect Plaintiff's reputation in the business community from extra-legal attacks by Defendant. Additionally, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006), citing *Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa.2001) (granting anonymity to sexual assault victim).

**(i) Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.** There is an atypically weak public interest in revealing Plaintiff's name because this matter is specific to this Plaintiff and the specific Defendant, with minimal public impact. Similarly, as Defendant Gross is not a corporation or a government body, and because the incidents specifically involve disputes between Plaintiff and Defendant Gross, there is no strong public interest in revealing Plaintiff's name.

**(j) Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.** Plaintiff is not aware of any other mechanism for protecting the confidentiality of Plaintiff.

For all the reasons noted above, Plaintiff respectfully requests that this Court permit Plaintiff to continue using a pseudonym in this matter to shield his good name and identity from the public to protect his mental, physical, and emotional well-being. Plaintiff has already suffered at the hands of Defendant Gross; he should not continue to suffer by also revealing his name.

I thank the Court for its consideration and attention to this matter.

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

_____
Caroline H. Miller, Esq.
701 Brickell Avenue, Suite 1310
Miami, Florida 33131
P: (305) 946-1884
E: caroline@dereksmithlaw.com

Plaintiff's request to proceed anonymously is provisionally granted without prejudice to a future motion to unseal Plaintiff's identity from Defendant once Defendant has been served. The Clerk of Court is respectfully directed to issue Summons to Plaintiff.

SO ORDERED.

August 3, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4