

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
**T** 212.307.5500  **F** 212.307.5598  www.Venable.com

November 10, 2023

Jessie F. Beeber
**t** 212.808.5677
JBeeber@Venable.com

**<u>By ECF and EMAIL</u>**

Honorable John P. Cronan
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:    Pre-Motion Letter regarding Motion to Dismiss Complaint
       <u>*Doe v. Gross*</u>, 23-CV-06325 (JPC)

Dear Judge Cronan:

We represent defendant Jennifer Gross in the above-captioned matter. We write pursuant to Section 6(A) of Your Honor's Individual Rules and Practices in Civil Cases in advance of moving to dismiss Plaintiff John Doe's ("Plaintiff") complaint against Ms. Gross (the "Complaint," Doc. No. 1) pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

Plaintiff was married to Ms. Gross for a very short period of time in 2011; their entire relationship began and ended within a few months. On July 21, 2023, Plaintiff filed the Complaint, alleging six claims against Ms. Gross based on circumstances that allegedly occurred during their brief marriage, specifically: (i) Cause of Action under State Law § 213-C; (ii) Assault and Battery; (iii) Intentional Infliction of Emotional Distress ("IIED"); (iv) Violations of the Victims of Gender-Motivated Violence Act ("VGMVA"); (v) Violations of the New York Adult Survivor's Act ("ASA"); and (vi) Violations of the California Sexual Abuse and Cover Up Act ("CSACUA").

Plaintiff's claims are completely baseless. Documentary and video evidence shows that during the parties' brief relationship in 2011, Plaintiff initiated romantic physical contact with Ms. Gross, talked about having children with her, proposed to her, married her, told her in writing how much he loved being married to her, and continued to send sexually suggestive emails to her after she filed for dissolution of the marriage and ceased contact with him. Contrary to Plaintiff's allegations, documentary evidence will also show that Plaintiff unilaterally initiated contact with Ms. Gross numerous times over the years since their brief marriage (including as recently as 2018), looking to rekindle a sexual and emotional relationship with her.

Moreover, as set forth below, even presuming that everything Plaintiff alleges in the Complaint is true (which it is not, but as is required on a motion to dismiss), Ms. Gross is still entitled to dismissal of the Complaint against her as a matter of law.



Honorable John P. Cronan
November 10, 2023
Page 2

### A. Plaintiff's Assault, Battery, and IIED Claims are Time-Barred and Duplicative.

The statutes of limitations for claims of assault, battery, and IIED are each one year. *See Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (assault or battery); *Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 565 (E.D.N.Y. 2020) (IIED). While the disorganized nature of the Complaint makes it difficult to ascertain the alleged factual basis for each of these claims, all of the allegations in the Complaint concern events that took place over a decade ago. The parties were only married for a brief time in 2011, and were divorced by May of 2012.

Ms. Gross can only assume that Plaintiff seeks to extend the statutes of limitations for each of these claims by using the ASA's lookback period, which allows plaintiffs to pursue otherwise time barred claims if they are filed during a one-year window that closes on November 24, 2023. However, the ASA only revives claims for injury "suffered as a result of conduct *which would constitute a sexual offense as defined in [Article 130] of the penal law* . . . . " C.P.L.R. 214-j (emphasis added). Because Article 130 covers only sexual offenses, Plaintiff's claims for assault, battery, and IIED are not subject to the ASA's lookback period, and therefore must be dismissed as time-barred. In addition, to the extent that these claims are based upon the same allegations as Plaintiff's claim for sexual abuse, they should be dismissed as duplicative.

### B. Plaintiff Does Not Adequately Plead a Violation of the VGMVA.

The VGMVA allows a claim for "injur[y] by an individual who commit[ted] a crime of violence motivated by gender." Administrative Code § 10-1104. A "[c]rime of violence" is an act "that would constitute a misdemeanor or felony against the person as defined in state or federal law . . . if the conduct presents a serious risk of physical injury to another . . . ." Administrative Code § 10-1103. A "crime of violence motivated by gender" is one "committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." *Id.* Plaintiff has not alleged any facts establishing that Ms. Gross's alleged acts were "motivated by gender," let alone "animus" based on gender, and therefore this claim should be dismissed.

### C. Plaintiff Does Not Adequately Plead a Claim for IIED.

Plaintiff also fails to plead facts establishing the elements of IIED: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bendit v. Canva, Inc.*, No. 23-CV-473 (RA), 2023 WL 5391413, at *9 (S.D.N.Y. Aug. 22, 2023). For instance, Plaintiff fails to identify the alleged acts that he claims constitute extreme and outrageous conduct, and instead only sets forth the bare legal elements of the claim, and makes general allegations that those elements are satisfied. Because Plaintiff does not explain the basis for this claim, it fails to "to give the defendant fair notice of what the claim is and the grounds upon which it rests" and should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556



Honorable John P. Cronan
November 10, 2023
Page 3

U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In addition, "[t]he standard for extreme and outrageous conduct is extremely difficult to satisfy," and Plaintiff's allegations do not meet it. *Ponticelli v. Zurich Am. Ins. Grp.*, 16 F. Supp. 2d 414, 440 (S.D.N.Y. 1998). For example, Plaintiff's allegations that Ms. Gross threatened to out Plaintiff as gay to his family (Compl. ¶ 35), cannot constitute IIED. *See, e.g.*, *Saleh v. United States*, No. 12-CV-4598, 2013 WL 5439140, at *11-12 (S.D.N.Y. Sept. 27, 2013) (defendant's threats "that at any moment [plaintiff] could be attacked physically or harassed[,] . . . kidnapped[,] or even killed" did not rise to required level of conduct), *aff'd*, 580 Fed. Appx. 22 (2d Cir. 2014). To the extent that Plaintiff is seeking to base his IIED claim on allegedly unwelcome sexual touching, that claim fails as a matter of law. *See, e.g.*, *Bouveng v. NYG Capital LLC*, No. 14-CV-5474, 2015 WL 3503947, at *15 (S.D.N.Y. June 2, 2015) (dismissing plaintiff's IIED claim premised on defendant's "sexual contact" with her because, whether that contact constituted "rape, tortious menacing, or unwanted touching," the "traditional tort remedies of assault and battery apply," not IIED). In sum, Plaintiff's IIED claim should be dismissed.

### D. The ASA and CSACUA Do Not Create Independent Causes of Action.

Plaintiff purports to plead independent claims for "Violations" of the ASA and CSACUA. Both of these laws, however, are only "revival statutes" that create windows for potential plaintiffs to bring otherwise time-barred claims. The text and legislative history of these laws make clear that the statutes themselves do not create independent legal claims. Plaintiff's claims for "violations" of these statutes should therefore be dismissed.

### <u>Proposed Briefing Schedule</u>

The parties have agreed on the following proposed briefing schedule for Plaintiff's motion to dismiss:

Defendant's Opening Brief — November 27, 2023
Plaintiff's Opposition Brief — December 20, 2023
Defendant's Reply Brief — January 10, 2024

Respectfully submitted,

*/s/ Jessie F. Beeber*

Jessie F. Beeber

cc: Plaintiff's Counsel of Record (by ECF)