**DEREK SMITH LAW GROUP, PLLC**
Sexual Harassment and Discrimination Lawyers

Miami | New York | Los Angeles | Philadelphia | New Jersey

January 15, 2024

**VIA ELECTRONIC FILING AN EMAIL**
The Honorable John P. Cronan
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
E: CronanNYSDChambers@nysd.uscourts.gov

Re:   Response by Plaintiff to Defense's Pre-Motion Letter (D.E. 21)
      *Doe v. Gross,* Case No. 1:23-cv-06325-JPC

Dear Judge Cronan:

As Your Honor is already aware, the undersigned Derek Smith Law Group, PLLC, represents the Plaintiff, Mr. John Doe, in the above-captioned matter. This letter is being submitted in response to Defendant Ms. Gross's January 10, 2024 Pre-Motion Letter Regarding Motion to Dismiss Amended Complaint [D.E. 21], in accordance with Your Honor's Individual Rules of Practice in Civil Cases.

As noted by the Defendant, Mr. Doe's initial Complaint was filed before this court on July 21, 2023 [D.E.]. Upon receipt and review of Defendant's Motion to Dismiss filed on December 6, 2023, Plaintiff timely filed as of his right an Amended Complaint [D.E. 20] remedying any minor errors in the initial filing and reasserting four distinct and viable claims as to Defendant Gross: (i) Cause of Action under State Law § 213-c; (ii) Assault and Battery Pursuant to New York Law; (iii) Assault and Battery Pursuant to California; and (iv) Violations of the Victims of Gender-Motivated Violence Act ("VGMVA").

In challenging Plaintiff's Amended Complaint, Defendant Gross filed the above referenced Pre-Motion Letter, leading primarily with self-serving assertions of "documentary and video evidence" wholly irrelevant to the aforementioned motion, which can only be a presumed effort to lead the Court despite having conducted no discovery to date nor any such "evidence" being appropriate at the Motion to Dismiss stage of these proceedings.[1] Despite these erroneous assertions, Defendants' Pre-Motion Letter disregards the Plaintiffs' well-plead factual allegations and urges this Court to prematurely dismiss the Plaintiff's Complaint before the Parties have engaged in discovery.

**(1) Plaintiff has Plead in Detail a Claim Pursuant to CPLR Section 213-c.**

As briefly summarized in Defendant's Pre-Motion Letter, CPLR Section 213-c requires that, in order to bring an otherwise time barred claim, a Plaintiff must set forth a claim asserting he was injured as a result of a protected criminal act. While Defendant seemingly takes issue with Plaintiff's citing of the

---
[1]

civil statutes and penal codes within his pleadings, it provides the necessary guidance relevant to the issues brought forth. More specifically, Section 213-c provides that:

> Notwithstanding any other limitation set forth in this article, except as provided in subdivision (b) of section two hundred eight of this article, all civil claims or causes of action brought by any person for physical, psychological or other injury or condition suffered by such person as a result of conduct which would constitute rape in the first degree as defined in section 130.35 of the penal law, or rape in the second degree as defined in subdivision two of section 130.30 of the penal law, or rape in the third degree as defined in subdivision one or three of section 130.25 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or criminal sexual act in the second degree as defined in subdivision two of section 130.45 of the penal law, or criminal sexual act in the third degree as defined in subdivision one or three of section 130.40 of the penal law, or incest in the first degree as defined in section 255.27 of the penal law, or incest in the second degree as defined in section 255.26 of the penal law (where the crime committed is rape in the second degree as defined in subdivision two of section 130.30 of the penal law or criminal sexual act in the second degree as defined in subdivision two of section 130.45), or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of the said conduct, within twenty years. Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action.

Plaintiff's pleadings set out in excruciating details the disturbing nature of Defendant Gross' actions towards him including but not limited to grabbing Plaintiff's penis without his consent [Am. Comp. Par. 30], drugging and rapping Plaintiff on their "wedding night" [Am. Comp. Par. 42], forcing Plaintiff to masturbate and/or forcing Plaintiff to ejaculate merely for semen collection [Am. Comp. Par. 49, 57-58], sexually assaulting him time and time again while utilize fear and manipulation [Am. Comp. Par. 53], and raping Plaintiff while he slept [Am. Comp. Par. 54]. There can be no misunderstanding that the aforementioned conduct constitutes violations of the New York Penal Code Sections 130.35, 130.25, 130.50, and/or 130.40.

### (2) Plaintiff's Claims for Assault and Battery are Sufficiently Plead both as to New York and California.

Contrary to the assertions of the defense, Plaintiff's claims are not time barred and do in fact fall squarely within the preview the New York Adult Survivor's Act ("ASA") and the Violations of the California Sexual Abuse and Cover Up Accountability Act ("CSACUAA"). Despite the defendant's efforts to narrowly tailor the words "assault and battery" in an effort to avoid liability, the pleading makes clear, this was no mere punch but rather disturbing and repeated instances of rape and sexual battery. Am. Comp. 30-54 Furthermore, the conduct by Defendant Gross, while duplicative to the

extent that it is appalling, does in fact trigger the statutes of both states, as the conduct in its repetitive and disturbing nature happened across multiple jurisdictions. See Ex. Am. Comp. 42 and 55.

**(3) Plaintiff has Plead a Viable Claim Pursuant to the VGMVA.**

To be blunt, the idea that raping another individual and thereafter forcibly masturbating and drawing semen from said person would be motivated by anything other than said person's gender seems to fly in the face of simple logic. Ms. Gross could not have been similarly motivated to so severely and invasively rape another woman as a woman does not possess the biological materials to ensure her ultimate motivation: pregnancy. Only by taking such severe actions towards Plaintiff, by subduing and taking complete control and autonomy over his body, could she secure what she desired.

**(4) Proposed Briefing Schedule.**

Upon review of the proposed briefing schedule, Plaintiff proposed the following minor adjusted schedule as Plaintiff's counsel will be out of the country from January 21 through January 28, 2024:

| | |
|---|---|
| Defendant's Opening Brief: | January 24, 2024 |
| Plaintiff's Opposition Brief: | February 21, 2024 |
| Defendant's Reply Brief: | March 6, 2024 |

Thank you for your consideration.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

_s/ Caroline H. Miller_
Caroline H. Miller, Esq.
1628 Pine Street
Philadelphia, PA 19103
Tel: (305) 946-1884
Email: Caroline@dereksmithlaw.com
*Counsel for Plaintiff*

cc: Defendant's Counsel of Record (via ECF)

Having reviewed the Defendant's pre-motion letter, Dkt. 21, and Plaintiff's instant response, the Court grants Defendant's request to file her anticipated motion to dismiss, but modifies the proposed briefing schedule as follows.  Defendant may file her opening brief by January 31, 2024.  Plaintiff may oppose by February 21, 2024, and Defendant may reply by March 6, 2024.

Furthermore, in light of the filing of Plaintiff's Amended Complaint, Dkt. 20, the Court dismisses as moot Defendant's first motion to dismiss, Dkt. 17.  The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 17.

SO ORDERED.
January 19, 2024
New York, New York



JOHN P. CRONAN
United States District Judge